UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW STRONG,

          Plaintiff,

v.

                                      Case No. 08-10638

INTERNAL REVENUE SERVICE, et al.,        Honorable Julian Abele Cook, Jr.

          Defendants.

ORDER

As a *pro se* Plaintiff, Andrew Strong, filed this lawsuit, in which he accused the United States Internal Revenue Service ("IRS"), the United States Government, the Ford Motor Company ("Ford Motor"), and three IRS employees (Debra Hurst, Denise Bradley, and Henry Slaughter) of violating his rights under the United States Constitution.  It is Strong's belief that these constitutional wrongs flowed from the Defendants' alleged participation in a levy upon his wages by the IRS as an outgrowth from his failure to pay income taxes for 2002 and 2003 while he was an employee of Ford Motor.

On April 16, 2008,  Strong filed a motion for the entry of a default judgment against Ford Motor and the three IRS employees, a request that was denied on July 21, 2008.  On May 12, 2008, Ford Motor  filed a motion to dismiss, contending that Strong had failed to state a claim upon which relief could be granted.  On May 29, 2008, Strong filed a response in opposition and, at the same time, asked the Court for authority to amend his complaint.

1

On June 27, 2008, the United States Government, along with the three IRS employees, jointly filed a motion to dismiss, contending that (1) the Court is without subject matter jurisdiction to evaluate the merits of this case, (2) Strong had failed to state a claim upon which relief can be granted, and (3) service of process had not been properly effected upon any of the movants as required by the Federal Rules of Civil Procedure.  As of this date, Strong has not filed a response.

## I.

According to the IRS, Strong, an employee of Ford Motor, failed to file his federal income tax returns for the 2000 and 2003 calendar years.[1]  On June 26, 2007, the IRS served Ford Motor with a "Notice of Levy on Wages, Salary and Other Income" which stated, in essence, that Strong owed $10,052.20 to the United States Government in back income taxes.  This "Notice of Levy" also advised Ford Motor that it was "require[d] to turn over to [the IRS]" Strong's (1) wages and salary that had been earned but not yet paid, as well as all future wages and salary until the levy is released, and (2) such other income that "you have now or for which you are obligated."

Ford Motor complied with this "Notice of Levy" and beginning on August 3, 2007, satisfied Strong's alleged indebtedness by garnishing his paycheck on a weekly basis.  On September 30th, the final amount was garnished from Strong's wages.  Approximately four and a half months later, Strong commenced the instant suit.

## II.

Fed. R. Civ. P. 12(b)(6) authorizes a court to dismiss a claim on any issue of law if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1]Strong concedes that he did not file income tax returns for the years in question, stating in his response to Ford Motor's motion to dismiss that "[b]etween 2000 and 2003, Plaintiff did not file federal tax returns because plaintiff was not required to."

2

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering a motion under Rule 12(b)(6), a court must "accept all of the plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Engineers and Associates, Inc. v. West Bloomfield Tp.,* 922 F.2d 328, 330 (6th Cir. 1990). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 110 (6th Cir. 1995). Hence, a court may not grant a Rule 12(b)(6) motion based on its disbelief of a complaint's factual allegations.

Though decidedly liberal, this standard of review requires more than a bare assertion of legal conclusions. *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give fair notice of the plaintiff's claim to the defendant, as well as the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). In *Lillard*, the Sixth Circuit Court of Appeals opined that "[i]n practice, 'a complaint. . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

On the other hand, motions which seek a dismissal for the lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1)[2] which generally come in two forms; namely, a facial attack or a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). In a facial challenge, a defendant contends that, even accepting the material allegations

---

[2]Fed. R. Civ. P. 12(b)(1) states, in relevant part: " . . . a party may assert the following defense[] by motion: . . . (1) lack of subject-matter jurisdiction . . . ."

of the complaint as being true and construing them in a light that is most favorable to the nonmoving party, the court still lacks subject matter jurisdiction over the claim. *Singleton v. United States*, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). The challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). By contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

When responding to a facial attack, the plaintiff need only show that the complaint alleges a "substantial" claim under federal law. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A federal claim is deemed to be "substantial" unless "prior decisions inescapably render [it] frivolous." *Transcon. Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). "In short, when faced with a [Rule]12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248. However, in either case, the plaintiff bears the burden of "proving jurisdiction in order to survive the motion [under Fed. R. Civ. P. 12(b)(1)]." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

III.

Strong contends that Ford Motor committed fraud by unlawfully complying with the "Notice of Levy" that had been issued by the IRS. He also alleges that the United States Government did not have the authority to issue the "Notice of Levy" to Ford Motor which, in turn, did not have the authority to honor the IRS levy.

4

According to the Internal Revenue Code:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property ... belonging to such person [.] Levy may be made upon the accrued salary or wages of any officer, employee or elected official of the United States [.]

26 U.S.C. § 6331(a).

Thus, contrary to Strong's assertions, the IRS does have the authority to issue a levy upon any delinquent taxpayer. The Supreme Court has held that 26 U.S.C. § 6331(a) "provides for the collection of assessed and unpaid taxes 'by levy upon all property rights to property' belonging to a delinquent taxpayer." *Sims v. U.S.,* 359 U.S. 108, 110 (1959). Another statute (to wit, 26 U.S.C. § 6332(a)) states: "[A]ny person in possession of property or property rights or property subject to levy upon which a levy has been made, shall, upon demand . . . surrender such property rights."

Furthermore, any person or entity, such as Ford Motor, that honors a notice of levy is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender of payment." 26 U.S.C. § 6332(d).  In addition, 26 U.S.C.  § 6332(e) shields entities from any liability that results from honoring an IRS levy. *Howell v. Wayne County Airport Authority,* 2004 WL 1535615, 1 (E.D. Mich).  If the IRS wrongfully executes a levy, any challenge to such an action must be brought against the United States Government rather than the employer "who had dutifully obeyed the law in honoring the levy." *Id. at 2.*

Strong's claim against Ford Motor is without merit.  The record indicates that Ford Motor simply complied with the Internal Revenue Code by honoring the IRS' "Notice of Levy," as set forth

5

in 26 U.S.C. § 6332(a), and as exemplified in *Howell*.  Therefore, Strong's complaint against Ford

Motor for complying with the now-challenged "Notice of Levy" fails to state a claim upon which

relief can be granted.

Strong also alleges in his complaint that Ford Motor  "disregard[ed] proper due process"

when it honored the "Notice of Levy."  However, Ford Motor is not a governmental agency.  Hence,

it "is not bound by the Due Process Clause of the Fifth Amendment." *Dickinson v. Stiff, et al* 2008

WL 114906, 2 (N.D. Ohio) (unpublished). Furthermore, it is clear from the pleadings that Ford

Motor acted in full accordance with the Internal Revenue Code when complying with the "Notice

of Levy" pursuant to 26 U.S.C. § 6332(a).  Hence, Ford Motor is shielded from any fault that may

have been caused by the "Notice of Levy."  As such, Strong's complaint that his due process rights

were violated by the actions of Ford Motor is without merit.

IV.

Turning now to Strong's application for leave to amend his complaint, he states:

> [I]f allowed to amend his complaint, the Plaintiff will show that Ford [Motor]
> never executed employment forms which classified the Plaintiff as an employee.
> Ford [Motor] had a ministerial duty to have the plaintiff complete a W-4 IRS
> withholding form and uphold his choice not to pay federal income tax. This fact is
> relevant to the Plaintiff's proof that no levy or garnishment should have been
> issued.

It is unclear how Strong's proposed new allegation (namely, that Ford Motor failed to have him fill

out a W-4 form) would support his claim. Ford [Motor] was obligated by federal law to comply with

the "Notice of Levy."  Strong does not dispute that he had not paid his income taxes, as claimed by

the IRS.  Moreover, he does not challenge the contention by the IRS that it issued a "Notice of

Levy" to Ford Motor.  Strong's proposed new allegation that Ford Motor failed to have him fill out

a tax form does not save his complaint from dismissal.  Such a claim is without any legal foundation

6

whatsoever. Accordingly, Strong's request to amend his complaint is denied.

V.

The United States Government contends that Strong's claims against the three IRS employees should be dismissed because they are not the proper parties who can be sued by a taxpayer who seeks damages for an allegedly unlawful collection of taxes. In their motion, these employees submit that in this type of dispute only the United States Government may be sued. As a consequence, these movants assert that the Court does not have subject matter jurisdiction to address Strong's allegations against the individual IRS employees.

Four years ago the Sixth Circuit, after noting that Congress had enacted an exclusive remedy for unlawful collection of taxes pursuant to 26 U.S.C. § 7433, held that claims by a taxpayer against an individual revenue agents are prohibited by law. *Romp v. United States*, 96 Fed. Appx. 978, 980 (6th Cir. 2004) (citing *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997)). Although Strong alleges that his constitutional rights have been violated, the Sixth Circuit has declared that taxpayers cannot seek relief for these injuries from IRS employees. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 695 (6th Cir. 2002) (citing *Fishburn*, 125 F.3d at 983) (enactment of "comprehensive administrative scheme" prevents federal courts from creating separate remedy even for constitutional wrongs).

In the instant case, Strong has named several IRS employees as Defendants whom he accuses of wrongfully garnishing his wages. Although he claims that the IRS employees committed tortious acts and constitutional violations against him, the Court is without authority to grant him the relief that he seeks in this lawsuit. All taxpayer claims arising out of collection of taxes must fully comply with the administrative channels that have been established by legislative enactment. *See* 26 U.S.C.

7

§ 7433(a) (making remedy available for taxpayer claims).  If the Court granted Strong's claims, it would thwart Congress' intent to provide an exclusive remedy to taxpayer complaints through a deliberately crafted administrative process. *See Downie,* 301 F.3d at 695 ("these carefully drafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress' refusal to permit unrestricted damage actions by taxpayers has not been inadvertent").  Therefore, Strong's claims against the three identified employees of the IRS employees (namely, Debra Hurst, Denise Bradley, and Henry Slaughter) are dismissed.

The United States Government also claims that it must be dismissed as a party to this lawsuit because the Court does not have subject matter jurisdiction to address and resolve Strong's claims. In this motion, the United States Government submits it must specifically waive sovereign immunity as a predicate to being sued.  Moreover, it points out that in those cases involving lawsuits over tax collection issues, the requisite waiver is conditioned upon an exhaustion of all administrative remedies by the taxpayer.  26 U.S.C. § 7433(d)(1).[3]   Thus, the United States Government argues that, inasmuch as Strong has failed to demonstrate that he has exhausted this administrative process, the requisite waiver of sovereign immunity has not occurred and, as such, Strong's claims must be dismissed.

The United States may be sued only in those instances in which it has unequivocally consented to waiver of its sovereign immunity.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (the United States' consent to be sued "is a prerequisite for jurisdiction").  In 1988, Congress amended the Federal Tort Claims Act to include the "Taxpayer Bill of Rights," which waives the

---

[3]26 U.S.C. § 7433(d)(1) states, in pertinent part: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

federal government's sovereign immunity with respect to certain "civil suits against the United States for certain IRS activities." *Fishburn*, 125 F.3d at 982 (citing Pub. L. 100-647, tit. VI, § 6241(a), 102 §. 3747 (1988)). This "Taxpayer Bill of Rights" provides, in part, that a taxpayer may bring a civil action against the United States "in connection with any collection of Federal tax . . . ." 26 U.S.C. § 7433(a). However, the Sixth Circuit has held that "[a] prerequisite to bringing such a claim . . . is exhaustion of administrative remedies. *Fishburn*, 125 F.3d at 982 (citing 26 U.S.C. § 7433(d)(1)).

In the case at bar, although Strong alleges that all of the requisite administrative remedies have been exhausted by him, he has failed to proffer any supporting evidence to the Court. In Paragraph 6 of the complaint, Strong intimates that his delivery of a "request for Validation"[4] to the United States Government, along with its subsequent failure to respond, proves that he is entitled to "administrative and statutory damages owed." However, the procedure for seeking administrative relief with the IRS is set forth with clarity in 26 CFR 301.7433-1(e) and (f) (2008)[5] and includes a requirement that the aggrieved person submit a written statement which sets out the grounds "in reasonable detail" for the taxpayer's claim.

---

[4]The document in question, entitled "Certified Demand for Proof of Jurisdiction" was included as an exhibit to the Plaintiff's complaint, but is incomprehensible.

[5]26 C.F.R 301.7433-1(e) (2008) states: "An administrative claim for the lesser of $ 1,000,000 ($ 100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides."

26 C.F.R. 301.7433-1(f) (2008) delineates what must be included in the claim, including, *inter alia*, "[t]he name, current address . . . and taxpayer identification number of the taxpayer making the claim . . . [t]he grounds, in reasonable detail, for the claim[;] . . . [a] description of the injuries incurred by the taxpayer[; and] . . . [t]he dollar amount of the claim."

A necessary precondition to the subject matter jurisdiction of the Court is a demonstration by Strong that he made a genuine and lawful effort to obtain relief through the administrative process which has been established by Congress. However, there is no evidence in the record - other than Strong's conclusory statement without specifics - that he has satisfied, or made a reasonable effort to satisfy, this required administrative obligation. Hence, the Court cannot, and will not, entertain his claim against the United States Government because it is not ripe for federal court review.[6]

VI.

Even if this Court did have jurisdiction over Strong's claims against the federal government, the United States submits that the complaint should be dismissed because he has failed to allege any facts which would support his stated causes of action. Specifically, it is the position of the United States that "although there are prerequisites and due process rights that must be satisfied prior to an IRS levy . . . [Strong] does not allege that any of those statutorily mandated conditions were not met here."

As explained above, when reviewing a motion to dismiss because of the opponent's alleged failure to state a claim, a district court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Ill. Union Ins.*

---

[6]Although Strong named the IRS as a party to this litigation, the United States correctly argued during a hearing before the Court that the claims of the IRS - a federal agency - are subsumed into the positions which have been advanced by the United States in this lawsuit. Thus and for the same reasons that this Court does not have subject jurisdiction over Strong's claims against the United States Government, it does not have subject jurisdiction over one of its agencies.

10

*Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)).

In his complaint, which is largely unintelligible, Strong accuses the federal government Defendants of violating his fundamental constitutional rights, such as due process and the right to be free from unreasonable seizures under the Fourth Amendment.  In addition, he claims that they conspired to – and did in fact–  commit fraud, negligence, extortion, and breach of fiduciary duty. To bolster these allegations, Strong submits that before the garnishment of his wages, these federal government Defendants were required to (1) respond to his "request for Validation," (2) present him with a signed court order, (3) obtain a warrant, and (4) provide various other documents, including an "Affidavit, True Bill, Lien or Distress . . . Commercial  Affidavit, a Commercial True Bill . . . and proof of Commercial Notice."

The Internal Revenue Code gives the Secretary of the IRS the power to  collect taxes by levy "[i]f a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand[.]" 26 U.S.C.S. § 6331(a).  Strong acknowledges in a document, which was labeled by him as a "Certified Demand for Jurisdiction," that he did not file or pay taxes for the years in question.  Although Strong asserts that these same Defendants caused him to sustain injuries when they collectively garnished his wages in order to collect the unpaid taxes, he has failed to provide the Court with any citations to those laws which support his legal positions in this controversy.  So too, Strong has not submitted any pertinent authority to the Court which would validate his assertion[7] that the representatives of the federal government were obligated to act favorably upon

---

[7]Although Strong quoted extensively from several cases and statutes in his complaint, he does not explain how they are relevant to his claims. For instance, he cites the case of *Fuentes v. Shevin*, 407 U.S. 67 (1972), which held the Florida and Pennsylvania replevin laws

the demands within his proffered documents before issuing a "Notice of Levy" upon Ford Motor. As earlier, the Internal Revenue Code provides for statutory safeguards before a levy is made on a person's wages.[8] However, Strong has neither proven nor alleged that these requirements were not met by the United States.

The United States Government also claims that Strong failed to effect service as required by Fed. R. Civ. P. 4(m).[9] This failing, in its opinion, warrants a dismissal of his complaint. The United States Government argues that, although Strong filed "proofs of service by certified mail" which ostensibly suggest that the individual Defendants had been officially notified of his claims, these efforts by him are invalid. In making this argument, the United States Government submits that "under the Federal Rules of Civil Procedure and the Michigan Court Rules," the service which was presumably utilized by Strong is only satisfactory whenever a return receipt, signed by the intended recipient, is also filed.

The Michigan Court Rules provide that if a person is served with court documents by means of certified mail, "[a] copy of the return receipt signed by the defendant must be attached  . . . ." Mich. Ct. R. 2.105(A)(2). In this case, Strong filed several proofs of service with the Clerk of the Court along with receipts, all of which indicate that he had requested a return receipt. Significantly, Strong has not submitted any receipts which bear the signatures of any of the intended recipients.

_____

unconstitutional, but does not explicate why this holding supports his claims.

[8]26 U.S.C.S. § 6331(d) specifies the procedural requirements before a levy is made, including notice delivered to the person whose property is to be levied "no less than 30 days before the day of the levy" and the "information [to be] included with the notice."

[9]Fed. R. Civ. P. 4(m) states, in pertinent part: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

12

Notwithstanding this failure by Strong to strictly comply with the Michigan Court Rules, the Court - with recognition that (1) he is a *pro se* litigant and (2) the United States Government appears to have received adequate notice of the general charges which have been filed by him - a dismissal is not appropriate on these grounds.

VII.

Accordingly, and for the reasons that have been set forth above, the Court will deny Strong's request to amend his complaint.  In addition, the Court will grant (1) the motion by Ford Motor to dismiss Strong's complaint because of his failure to state a claim and (2) the motions to dismiss by the United States, the IRS, and the three IRS employees, all of whom correctly argued in the alternative that (a) the Court is without subject matter jurisdiction to evaluate the merits, if any, of the allegations within the complaint, or (b) Strong has failed to set forth a viable claim in this matter.

IT IS SO ORDERED.

Dated:  February 4, 2009                          s/Julian Abele Cook, Jr.
            Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                                                 United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 4, 2009.

s/ Kay Alford
Case Manager